1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   U.S. EQUAL EMPLOYMENT OPPORTUNITY    )
    COMMISSION,                          )
8                                        )
                    Plaintiff,           )
9                                        )        3:12-cv-00523-RCJ-VPC
         vs.                             )
10                                       )              **ORDER**
    WEDCO, INC.,                         )
11                                       )
                    Defendant.           )
12  _____  )

13          This case arises out of an allegedly racially hostile work environment.  Pending before the

14  Court is a Motion to Dismiss or Stay (ECF No. 8).  For the reasons given herein, the Court denies

15  the motion.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17          Complainant Larry Mitchell is an African American who was employed by Defendant

18  Wedco, Inc. as a warehouse worker in October 2007, eventually becoming a delivery driver.

19  (*See* Compl. ¶ 13(b), Sept. 27, 2012, ECF No. 1).  After he became a driver, Mitchell was

20  subjected to racial harassment and name-calling, and was exposed to a noose hanging in the

21  receiving area, about which racial comments were also made, and which the warehouse manager

22  refused to remove. (*See id.* ¶¶ 13(c), (e), (f)).  Mitchell was also treated differently from non-

23  black employees in that he was required to ask permission to use the restroom and was denied

24  breaks that other employees received. (*See id.* ¶ 13 (g)).  Mitchell was constructively discharged,

25  i.e., he quit because of the harassment, in July 2008. (*See id.* ¶ 13(h)).

1    Mitchell filed a Charge of Discrimination with the U.S. Equal Employment opoortunity

2    Commission ("EEOC"), which was investigated by the Nevada Equal Rights Commission

3    ("NERC"). (*See id.* ¶ 7–8).  NERC issued a Determination, finding probable cause of a racially

4    hostile work environment and constructive discharge. (*Id.* ¶ 9).  When NERC's conciliation with

5    Defendant was unsuccessful, NERC forwarded the charge to the EEOC pursuant to their work-

6    sharing agreement. (*Id.* ¶ 10).  The EEOC issued a Letter of Determination, finding probable

7    cause of harassment, constructive discharge, and disparate treatment in violation of Title VII. (*Id.*

8    ¶ 11).  After failed conciliation attempts, the EEOC filed the Complaint. (*Id.* ¶ 12).  Defendant

9    has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and

10   alternatively for a stay to complete the conciliation process.

11   **II.    LEGAL STANDARDS**

12    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

13   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

14   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

15   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

16   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

17   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

18   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

19   failure to state a claim, dismissal is appropriate only when the complaint does not give the

20   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

21   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

22   sufficient to state a claim, the court will take all material allegations as true and construe them in

23   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

24   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

25   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

1     *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

2     with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

3     is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

4     550 U.S. at 555).

5        "Generally, a district court may not consider any material beyond the pleadings in ruling

6     on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

7     complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

8     *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

9     whose contents are alleged in a complaint and whose authenticity no party questions, but which

10    are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

11    motion to dismiss" without converting the motion to dismiss into a motion for summary

12    judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

13    of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

14    *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

15    considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

16    summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

17    2001).

18   **III.    ANALYSIS**

19        Defendant argues that the EEOC's statutory duty to conduct conciliation proceedings

20    before filing suit is jurisdictional.  Defendant argues that the EEOC failed to conciliate the

21    present matter in good faith, and therefore asks the Court to dismiss for lack of subject matter

22    jurisdiction, or at least for failure to state a claim, or, in the alternative, to stay the case for further

23    conciliation.  The Court denies the motion in all respects.

24        First, the Court agrees with the EEOC that the conciliation requirement is not

25    jurisdictional.  Generally speaking, statutory prerequisites are only jurisdictional if Congress'

1   intent to make them so is clear, and absent an express jurisdictional limitation in a statute, courts

2   should only imply such limitations where the statutory provision at issue is clothed in

3   unmistakably jurisdictional language. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) (ruling

4   that the fifteen-employee threshold of 42 U.S.C. § 2000e(b) was not jurisdictional) (citing *Zipes*

5   *v. Trans. World Airlines, Inc.*, 455 U.S. 385, 394 (1982) (ruling that the ninety-day right-to-sue

6   time period under § 2000e-5(e) was not jurisdictional)).  The EEOC's duty to conduct pre-suit

7   conciliation is likewise not jurisdictional. *EEOC v. Argo Distrib., LLC*, 555 F.3d 462, 468–69

8   (5th Cir. 2009) (citing § 2000e-5(b)); *accord EEOC v. Pioneer Hotel, Inc.*, 2012 WL 1601658, at

9   *2–3 (D. Nev. May 4, 2012) (Hicks, J.).

10          Although it is not jurisdictional, the conciliation requirement is still a statutory

11   prerequisite to suit that may be attacked under Rule 12(b)(6).  The requirement is not

12   meaningless; the EEOC must attempt conciliation in good faith. 42 U.S.C. § 2000e-5(b) ("If the

13   Commission determines after such investigation that there is reasonable cause to believe that the

14   charge is true, the Commission shall endeavor to eliminate any such alleged unlawful

15   employment practice by informal methods of conference, conciliation, and persuasion.").

16          By repeatedly failing to communicate with Agro, the EEOC failed to respond in a
            reasonable and flexible manner to the reasonable attitudes of the employer.  The

17          EEOC abandoned its role as a neutral investigator and compounded its arbitrary
            assessment that Agro violated the ADA with an insupportable demand for

18          compensatory damages as a weapon to force settlement.  The district court concludes,
            "It appears that the Commission dealt in an arbitrary manner based on preconceived

19          notions of its investigator and ignored the attempts of Agro's counsel to engage the
            Commission in settlement discussions."  The EEOC's take-it-or-leave-it demand for

20          more than $150,000 represents the coercive, "all-or-nothing approach" previously
            condemned by this court . . . .

21
    *Argo Distrib., LLC*, 555 F.3d at 468.  The circuits have adopted several different standards as to

22
    what constitutes good faith under the conciliation provision, and the Ninth Circuit does not

23
    appear to have ruled directly on the issue.  As the EEOC notes, the courts of this District have

24
    generally deferred to the EEOC so long as any colorable attempt at conciliation was made. *See*

25

*EEOC v. Gold River Operating Co.*, 2007 WL 983853, at *4–5 (D. Nev. Mar. 30, 2007) (Leavitt, Mag. J.) ("[I]t was intended that substantial discretion in conciliation efforts be vested in the EEOC and the court should not examine the substance of the parties' negotiations."); *EEOC v. Champion Chevrolet*, 2009 WL 2835101, at *6 (D. Nev. Aug. 26, 2009) (Reed, J.) ("[A] district court's dissatisfaction with an EEOC conciliation attempt is not enough to justify a finding that the attempt was inadequate."); *Pioneer Hotel, Inc.*, 2012 WL 1601658, at *3 (ruling that the good faith requirement was satisfied where the EEOC alleged that it issued defendant a letter of determination outlining the basis for the charge of discrimination as well as the witness interviews and factual findings of the EEOC investigator, that the EEOC contacted the defendant, met with it, proposed a settlement, and provided an opportunity to make a counteroffer).

Here, the EEOC alleges that after NERC's investigation, the EEOC issued Defendant its Letter of Determination, in which EEOC found reasonable cause of harassment, disparate treatment, and constructive discharge. (*See* Compl. ¶ 11). The EEOC concludes that it acted in good faith based upon four months of written and telephonic communication with Defendant, but it does not further detail the communications. (*See id.* ¶ 12). The Letter of Determination is attached to the EEOC's Opposition (ECF No. 10) to the present Motion. The Letter of Determination is itself conclusory. It accuses Defendant in conclusory fashion of subjecting Mitchell to harassment, constructive discharge, and unequal terms and conditions of employment, but nowhere does the letter, which consists of less than a single page worth of text, describe the alleged facts upon which the finding of reasonable cause is based. (*See* Letter of Determination, Sept. 15, 2011, ECF No. 10-2, at 5). However, the Letter of Determination was preceded by NERC's Determination. (*See* Determination, June 8, 2011, ECF No. 10-2, at 8). The NERC Determination outlines its factual findings that a hangman's noose was on display at Defendant's work site where Mitchell could see it, that Mitchell was subjected to racial slurs "including telling him that the noose was for him," that Defendant refused to remove the noose

1  after Mitchell complained about it, and that Mitchell was treated differently from non-black

2  employees with respect to restroom and other breaks. (*See id.* 1–2).  Neither NERC's

3  Determination nor the EEOC's Letter of Determination addressed the several affidavits

4  Defendant had provided as early as 2008 that tended to negate the charges, however.  The NERC

5  Determination noted that it had considered Defendant's explanation that the noose had nothing to

6  do with Mitchell or any racial animus, but that it still believed there was probable cause to

7  believe violations of Title VII had occurred.[1]  Defendant was clearly on notice of the basis for the

8  allegations based upon NERC's Determination before it received the EEOC's Letter of

9  Determination.  The EEOC therefore did not need to repeat the findings, as it has a work-sharing

10  agreement with NERC and may therefore rely on NERC's findings.

11      The Court must also examine whether the EEOC made any colorable attempt at

12  conciliation apart from simply making a take-it-or-leave-it demand.  Only Defendant offers

13  evidence of settlement negotiations.  The EEOC has provided only the conclusory allegations in

14  the Complaint that it made good faith attempts at conciliation.  Defendant provides a letter it sent

15  to NERC immediately after receiving NERC's Determination, requesting factual findings and

16  supporting evidence so that Defendant could assess the risks of a lawsuit. (*See* Letter, June 15,

17  2011, ECF No. 8-2, at 18).  Defendant also provides a Remedy Request it received form NERC,

18  wherein Mitchell requested over $36,000 in back pay, over $3000 in compensatory damages,

19  over $45,000 in front pay, and $75,000 in emotional damages, for a total of almost $161,000.

20  (*See* Remedy Request, June 28, 2011, ECF No. 8-2, at 21).  On July 8, 2011, NERC sent

21  Defendant a letter indicating that because conciliation had failed, it would forward the case to the

22  EEOC. (*See* Letter, July 8, 2011, ECF No. 8-2, at 26).  Counsel for Defendant attests to having

23

24      [1]The Court notes that the evidence available at this stage makes it appear somewhat
    unlikely that the EEOC can obtain a verdict in its favor at trial, although a jury could believe the
25  complainant over multiple defense witnesses based upon credibility assessments.  However, the
    only issue at this stage is whether the EEOC attempted conciliation in good faith.

1  participated in a conciliation with NERC telephonically the previous day, but does not allege to

2  have made any counteroffer; he only alleges that he complained that NERC had not supported its

3  factual allegations to his satisfaction. (*See* Hall Decl., Jan. 30, 2013, ECF No. 8-2, at 23).  The

4  EEOC sent Defendant its Letter of Determination on September 15, 2011, and the next day sent

5  it a Conciliation Letter, in which it solicited Defendant's response and any counteroffer, which it

6  requested by September 23, 2011. (*See* Conciliation Letter, Sept. 16, 2011, ECF No. 8-2, at 31).[2]

7  Counsel for Defendant attests that she had a telephonic conference with the EEOC investigator

8  on October 6, 2011, during which she requested factual support for the allegations and damages

9  calculation, and the investigator referred to unspecified witness statements, documents,

10  Mitchell's statements, and Defendant's position. (*See* Lane Decl., Jan. 28, 2013, ECF No. 8-2, at

11  36).  Defendant made no counteroffer. (*See generally id.*).  Several more letters back and forth

12  include the EEOC's further solicitation of a counteroffer and Defendant's complaints that the

13  EEOC had not provided enough factual support.

14      The Court will deny the present motion.  It is Defendant's refusal to make any

15  counteroffer that resulted in the EEOC's termination of conciliation attempts as futile.  If

16  Defendant was unsatisfied with the EEOC's offer based upon the evidence, it could have made a

17  counteroffer for a token sum.  If the EEOC had refused to budge, perhaps the Court could then

18  determine that there was no good faith conciliation attempt.  But Defendant refused to make any

19  counteroffer at all.  The NERC provided Defendant with its factual findings.  Neither the NERC

20  nor the EEOC need permit a defendant to review the evidence with the investigator in order to

21  persuade the investigator to come to another conclusion.  An EEOC investigator is not an

22  administrative law judge whose function it is to mediate between a complainant and a

23

24      [2]The demand for monetary relief had been reduced to $128,411, and several specific
   demands for equitable relief concerning reinstatement and anti-discrimination training had been
25  made.

1  respondent.  He is more in the character of a prosecutor.  The statute limits his discretion; he

2  must conciliate in good faith, whereas a prosecutor has no duty to make any plea offer.  But the

3  evidence in this case does not show that the EEOC violated its duty to attempt conciliation in

4  good faith.  Like any civil litigant, the EEOC may begin conciliation with an offer that seems

5  extreme to its adversary.  If the EEOC has probable cause to believe a violation was

6  committed—based upon a complainant's statements that a defendant and its employees

7  unsurprisingly deny—it may begin conciliation with a "high-ball" demand.  Defendant's

8  continued refusal to make any counteroffer when repeatedly solicited for one makes it impossible

9  for the Court to determine that the EEOC was not prepared to conciliate in good faith.  The Court

10  will therefore deny the Motion to Dismiss or Stay.

**CONCLUSION**

12      IT IS HEREBY ORDERED that the Motion to Dismiss or Stay (ECF No. 8) is DENIED.

13      IT IS SO ORDERED.

14      Dated this 11th day of March, 2013.

_____
        ROBERT C. JONES
      United States District Judge