**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WEDCO, INC.,<br><br>　　　　　　Defendant. | 3:12-cv-00523-RCJ-VPC<br><br>**ORDER** |

This case arises out of an allegedly racially hostile work environment. Pending before the Court is a Motion to Dismiss or Stay (ECF No. 8). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Complainant Larry Mitchell is an African American who was employed by Defendant Wedco, Inc. as a warehouse worker in October 2007, eventually becoming a delivery driver. (*See* Compl. ¶ 13(b), Sept. 27, 2012, ECF No. 1). After he became a driver, Mitchell was subjected to racial harassment and name-calling, and was exposed to a noose hanging in the receiving area, about which racial comments were also made, and which the warehouse manager refused to remove. (*See id.* ¶¶ 13(c), (e), (f)). Mitchell was also treated differently from non-black employees in that he was required to ask permission to use the restroom and was denied breaks that other employees received. (*See id.* ¶ 13 (g)). Mitchell was constructively discharged, i.e., he quit because of the harassment, in July 2008. (*See id.* ¶ 13(h)).

Mitchell filed a Charge of Discrimination with the U.S. Equal Employment opoortunity Commission ("EEOC"), which was investigated by the Nevada Equal Rights Commission ("NERC"). (*See id.* ¶ 7–8). NERC issued a Determination, finding probable cause of a racially hostile work environment and constructive discharge. (*Id.* ¶ 9). When NERC's conciliation with Defendant was unsuccessful, NERC forwarded the charge to the EEOC pursuant to their work-sharing agreement. (*Id.* ¶ 10). The EEOC issued a Letter of Determination, finding probable cause of harassment, constructive discharge, and disparate treatment in violation of Title VII. (*Id.* ¶ 11). After failed conciliation attempts, the EEOC filed the Complaint. (*Id.* ¶ 12). Defendant has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and alternatively for a stay to complete the conciliation process.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

Defendant argues that the EEOC's statutory duty to conduct conciliation proceedings before filing suit is jurisdictional.  Defendant argues that the EEOC failed to conciliate the present matter in good faith, and therefore asks the Court to dismiss for lack of subject matter jurisdiction, or at least for failure to state a claim, or, in the alternative, to stay the case for further conciliation.  The Court denies the motion in all respects.

First, the Court agrees with the EEOC that the conciliation requirement is not jurisdictional.  Generally speaking, statutory prerequisites are only jurisdictional if Congress'

intent to make them so is clear, and absent an express jurisdictional limitation in a statute, courts should only imply such limitations where the statutory provision at issue is clothed in unmistakably jurisdictional language. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) (ruling that the fifteen-employee threshold of 42 U.S.C. § 2000e(b) was not jurisdictional) (citing *Zipes v. Trans. World Airlines, Inc.*, 455 U.S. 385, 394 (1982) (ruling that the ninety-day right-to-sue time period under § 2000e-5(e) was not jurisdictional)). The EEOC's duty to conduct pre-suit conciliation is likewise not jurisdictional. *EEOC v. Argo Distrib., LLC*, 555 F.3d 462, 468–69 (5th Cir. 2009) (citing § 2000e-5(b)); *accord EEOC v. Pioneer Hotel, Inc.*, 2012 WL 1601658, at *2–3 (D. Nev. May 4, 2012) (Hicks, J.).

Although it is not jurisdictional, the conciliation requirement is still a statutory prerequisite to suit that may be attacked under Rule 12(b)(6). The requirement is not meaningless; the EEOC must attempt conciliation in good faith. 42 U.S.C. § 2000e-5(b) ("If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.").

> By repeatedly failing to communicate with Agro, the EEOC failed to respond in a reasonable and flexible manner to the reasonable attitudes of the employer. The EEOC abandoned its role as a neutral investigator and compounded its arbitrary assessment that Agro violated the ADA with an insupportable demand for compensatory damages as a weapon to force settlement. The district court concludes, "It appears that the Commission dealt in an arbitrary manner based on preconceived notions of its investigator and ignored the attempts of Agro's counsel to engage the Commission in settlement discussions." The EEOC's take-it-or-leave-it demand for more than $150,000 represents the coercive, "all-or-nothing approach" previously condemned by this court . . . .

*Argo Distrib., LLC*, 555 F.3d at 468. The circuits have adopted several different standards as to what constitutes good faith under the conciliation provision, and the Ninth Circuit does not appear to have ruled directly on the issue. As the EEOC notes, the courts of this District have generally deferred to the EEOC so long as any colorable attempt at conciliation was made. *See*

*EEOC v. Gold River Operating Co.*, 2007 WL 983853, at *4–5 (D. Nev. Mar. 30, 2007) (Leavitt, Mag. J.) ("[I]t was intended that substantial discretion in conciliation efforts be vested in the EEOC and the court should not examine the substance of the parties' negotiations."); *EEOC v. Champion Chevrolet*, 2009 WL 2835101, at *6 (D. Nev. Aug. 26, 2009) (Reed, J.) ("[A] district court's dissatisfaction with an EEOC conciliation attempt is not enough to justify a finding that the attempt was inadequate."); *Pioneer Hotel, Inc.*, 2012 WL 1601658, at *3 (ruling that the good faith requirement was satisfied where the EEOC alleged that it issued the defendant a letter of determination outlining the basis for the charge of discrimination as well as the witness interviews and factual findings of the EEOC investigator, that the EEOC contacted the defendant, met with it, proposed a settlement, and provided an opportunity to make a counteroffer).

Here, the EEOC alleges that after NERC's investigation, the EEOC issued Defendant its Letter of Determination, in which EEOC found reasonable cause of harassment, disparate treatment, and constructive discharge. (*See* Compl. ¶ 11). The EEOC concludes that it acted in good faith based upon four months of written and telephonic communication with Defendant, but it does not further detail the communications. (*See id.* ¶ 12). The Letter of Determination is attached to the EEOC's Opposition (ECF No. 10) to the present Motion. The Letter of Determination is itself conclusory. It accuses Defendant in conclusory fashion of subjecting Mitchell to harassment, constructive discharge, and unequal terms and conditions of employment, but nowhere does the letter, which consists of less than a single page worth of text, describe the alleged facts upon which the finding of reasonable cause is based. (*See* Letter of Determination, Sept. 15, 2011, ECF No. 10-2, at 5). However, the Letter of Determination was preceded by NERC's Determination. (*See* Determination, June 8, 2011, ECF No. 10-2, at 8). The NERC Determination outlines its factual findings that a hangman's noose was on display at Defendant's work site where Mitchell could see it, that Mitchell was subjected to racial slurs "including telling him that the noose was for him," that Defendant refused to remove the noose

after Mitchell complained about it, and that Mitchell was treated differently from non-black employees with respect to restroom and other breaks. (*See id.* 1–2). Neither NERC's Determination nor the EEOC's Letter of Determination addressed the several affidavits Defendant had provided as early as 2008 that tended to negate the charges, however. The NERC Determination noted that it had considered Defendant's explanation that the noose had nothing to do with Mitchell or any racial animus, but that it still believed there was probable cause to believe violations of Title VII had occurred.[1] Defendant was clearly on notice of the basis for the allegations based upon NERC's Determination before it received the EEOC's Letter of Determination. The EEOC therefore did not need to repeat the findings, as it has a work-sharing agreement with NERC and may therefore rely on NERC's findings.

     The Court must also examine whether the EEOC made any colorable attempt at conciliation apart from simply making a take-it-or-leave-it demand. Only Defendant offers evidence of settlement negotiations. The EEOC has provided only the conclusory allegations in the Complaint that it made good faith attempts at conciliation. Defendant provides a letter it sent to NERC immediately after receiving NERC's Determination, requesting factual findings and supporting evidence so that Defendant could assess the risks of a lawsuit. (*See* Letter, June 15, 2011, ECF No. 8-2, at 18). Defendant also provides a Remedy Request it received form NERC, wherein Mitchell requested over $36,000 in back pay, over $3000 in compensatory damages, over $45,000 in front pay, and $75,000 in emotional damages, for a total of almost $161,000. (*See* Remedy Request, June 28, 2011, ECF No. 8-2, at 21). On July 8, 2011, NERC sent Defendant a letter indicating that because conciliation had failed, it would forward the case to the EEOC. (*See* Letter, July 8, 2011, ECF No. 8-2, at 26). Counsel for Defendant attests to having

---

[1] The Court notes that the evidence available at this stage makes it appear somewhat unlikely that the EEOC can obtain a verdict in its favor at trial, although a jury could believe the complainant over multiple defense witnesses based upon credibility assessments. However, the only issue at this stage is whether the EEOC attempted conciliation in good faith.

Page 6 of 8

participated in a conciliation with NERC telephonically the previous day, but does not allege to have made any counteroffer; he only alleges that he complained that NERC had not supported its factual allegations to his satisfaction. (*See* Hall Decl., Jan. 30, 2013, ECF No. 8-2, at 23).  The EEOC sent Defendant its Letter of Determination on September 15, 2011, and the next day sent it a Conciliation Letter, in which it solicited Defendant's response and any counteroffer, which it requested by September 23, 2011. (*See* Conciliation Letter, Sept. 16, 2011, ECF No. 8-2, at 31).[2] Counsel for Defendant attests that she had a telephonic conference with the EEOC investigator on October 6, 2011, during which she requested factual support for the allegations and damages calculation, and the investigator referred to unspecified witness statements, documents, Mitchell's statements, and Defendant's position. (*See* Lane Decl., Jan. 28, 2013, ECF No. 8-2, at 36).  Defendant made no counteroffer. (*See generally id.*).  Several more letters back and forth include the EEOC's further solicitation of a counteroffer and Defendant's complaints that the EEOC had not provided enough factual support.

      The Court will deny the present motion.  It is Defendant's refusal to make any counteroffer that resulted in the EEOC's termination of conciliation attempts as futile.  If Defendant was unsatisfied with the EEOC's offer based upon the evidence, it could have made a counteroffer for a token sum.  If the EEOC had refused to budge, perhaps the Court could then determine that there was no good faith conciliation attempt.  But Defendant refused to make any counteroffer at all.  The NERC provided Defendant with its factual findings.  Neither the NERC nor the EEOC need permit a defendant to review the evidence with the investigator in order to persuade the investigator to come to another conclusion.  An EEOC investigator is not an administrative law judge whose function it is to mediate between a complainant and a

---

[2] The demand for monetary relief had been reduced to $128,411, and several specific demands for equitable relief concerning reinstatement and anti-discrimination training had been made.

respondent. He is more in the character of a prosecutor. The statute limits his discretion; he must conciliate in good faith, whereas a prosecutor has no duty to make any plea offer. But the evidence in this case does not show that the EEOC violated its duty to attempt conciliation in good faith. Like any civil litigant, the EEOC may begin conciliation with an offer that seems extreme to its adversary. If the EEOC has probable cause to believe a violation was committed—based upon a complainant's statements that a defendant and its employees unsurprisingly deny—it may begin conciliation with a "high-ball" demand. Defendant's continued refusal to make any counteroffer when repeatedly solicited for one makes it impossible for the Court to determine that the EEOC was not prepared to conciliate in good faith. The Court will therefore deny the Motion to Dismiss or Stay.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss or Stay (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge