Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1079
Facsimile: (213) 894-1301

Elizabeth A. Naccarato NV SBN 11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>WEDCO, INC., and Does 1-10 inclusive;<br><br>Defendants | Case No.: 3:12-cv- 00523-RCJ-VPC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>The Honorable Valerie P. Cooke<br>United States Magistrate Judge |

Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Plaintiff" or the "EEOC") and Defendant WEDCO, INC. ("Wedco"), by and through their respective attorneys of record, hereby submit the following Stipulation and [Proposed] Protective Order pursuant to the Court's November 26, 2013 Order [Doc. #45] following oral argument on November 25, 2013.

/ / /

/ / /

-1-

Case No. 3-11-cv-00707

## I.   Confidentiality of Documents

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information subject to protection under the Federal Rules of Civil Procedure ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. This protective order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.

Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 7 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. If timely corrected, an inadvertent failure to designate qualified information or items

1  does not, standing alone, waive the designating party's right to secure protection under this
2  agreement for such material. Upon timely correction of a designation, the receiving party must
3  make reasonable efforts to ensure that the material is treated in accordance with the provisions of
4  this agreement.
5      4.       Only the following individuals are permitted to view information designated as
6              confidential pursuant to this Order without signing and acknowledgement of the
7              Certification attached to this order as Exhibit "A":
8        (a) counsel for the respective parties to this litigation, including in-house counsel and co-
9  counsel retained for this litigation;
10       (b) employees of such counsel;
11       (c) individual defendants, class representatives, any officer or employee of a party, to the
12 extent deemed necessary by Counsel for the prosecution or defense of this litigation.
13       (d) consultants or expert witnesses retained for the prosecution or defense of this
14 litigation, provided that each such person shall execute a copy of the Certification annexed to this
15 order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the
16 Confidential Information and made available for inspection by opposing counsel during the
17 pendency or after the termination of the action only upon good cause shown and upon order of
18 the Court) before being shown or given any Confidential Information ;
19       (e) any authors or recipients of the Confidential Information;
20       (g) the Court, Court personnel, and court reporters; and
21       (h) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the
22 Certification attached hereto before being shown a confidential document. Confidential
23 Information may be disclosed to a witness who will not sign the Certification only in a
24 deposition at which the party who designated the Confidential Information is represented or has
25 been given notice that Confidential Information shall be designated "Confidential," pursuant to
26 paragraph 1 above. Witnesses shown Confidential Information shall not be allowed to retain
27 copies.
28

Case No. 3-11-cv-00707

5. A party or non-party wishing to file a document designated as "confidential" shall file or submit for filing as part of the court record and Documents under seal in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. In the event the Court refuses to allow the filing under seal of Confidential Information, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects, unless the Court deems otherwise.

6. A party may designate as "Confidential" documents or discovery materials produced by a nonparty by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as confidential.

7. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or nonparty who designated the material shall have twenty-five (25) days from the receipt of such written notice, inclusive of the meet and confer process under the local rules, to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

8. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

1    (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not confidential.

9.    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; and

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement.

10.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

11.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

12.    Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

13.    Any of the timelines set forth herein may be changed by mutual agreement of the parties.

| | | |
|---|---|---|
| 1 | Dated: December 19, 2013 | Dated: December 19, 2013 |
| 2 | | |
| 3 | /s/ Elizabeth Naccarato<br>Elizabeth A. Naccarato | /s/ Ricardo N. Cordova<br>Anthony L. Hall, Esq., &<br>Ricardo N. Cordova, Esq. |
| 4 | U.S. EEOC<br>333 Las Vegas Blvd South | HOLLAND & HART LLP<br>5441 Kietzke Lane, Second Floor |
| 5 | Ste. 8112<br>Las Vegas, NV 89101 | Reno, Nevada 89511<br>Telephone: (775) 327-3000 |
| 6 | Telephone: (702) 388-5072<br>Facsimile: (702) 388-5094 | Facsimile: (775) 786-6179 |
| 7 | | Attorneys for Defendant |
| 8 | Attorney for Plaintiff<br>U.S. EEOC | Wedco, Inc. |

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: January 7, 2014

-6-

Case No. 3-11-cv-00707

**Exhibit "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in U. S. Equal Employment Opportunity Commission vs. Wedco, Inc. Civil No. 3:12-cv- 00523-RCJ-VPC. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

Dated this _____ day of _____, 20____.

_____

_____
(Printed Name)