UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WEDCO, INC.,<br><br>Defendant. | Case No. 3:12-CV-0523-RCJ (VPC)<br><br>**ORDER** |

Before the court is a dispute between plaintiff U.S. Equal Opportunity Commission ("EEOC") and defendant Wedco, Inc. ("Wedco") concerning a subpoena Wedco issued to charging party Larry Mitchell ("Mr. Mitchell"). While the parties were able to reach compromise concerning many of the requests, three general categories still remain in dispute: (1) requests for Mr. Mitchell's diaries and calendars; (2) requests for Mr. Mitchell's medical and psychological records; and (3) a request for any charge Mr. Mitchell has ever filed with EEOC or a state FEPA (#59). At the January 21, 2014, case management conference, the court stayed consideration of this discovery dispute because the parties stipulated to a settlement conference (#60). The parties did not settle the case, this dispute remains unresolved, and this order follows.

**I.     Procedural Background**

The EEOC filed suit under Title VII of the Civil Rights Act of 1964, as amended, on behalf of charging party Mr. Mitchell to address and remedy allegedly unlawful employment practices of Wedco. EEOC alleges that Wedco subjected Mr. Mitchell to racial harassment due to his race, Black; specifically, that he was subjected to a noose and racial epithets, including being called "n__ger" by his direct supervisor (#1). EEOC claims Wedco also subjected him to

unequal terms and conditions of employment, including being forced to ask permission to use the toilet when others did not have to do so, having his work phone intentionally displaced to cause delay, and being given last minute instructions for deliveries that interfered with his lunch hour, all due to his race. *Id*.

On June 6, 2013, Wedco issued a subpoena to Mr. Mitchell, which included twenty-four requests (#37, Ex. G).  Nearly all of these requests were repeated in written discovery subsequently issued to EEOC during this same time period. *Id*., Decl. of Elizabeth Naccarato, Ex. I. The EEOC is litigating this case on behalf of the public interest and charging party; therefore, the EEOC has standing to challenge the subpoena issued to Mr. Mitchell, both as the plaintiff and as the representative of the charging party. *EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D.Cal. 2006) ("It is immaterial that [EEOC] has no standing to object as the non-recipient of the subpoenas, since it has standing as Plaintiff to file a motion to quash on all the same grounds"); *e.g., Las Vegas Limited Partnership v. Simon Property Group, Inc*., 2007 WL 119148, *3 (D.Nev. 2007) ("A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information.").  This court finds that EEOC also has standing to seek a protective order as to a subpoena issued to Mr. Mitchell.

**II.     Discussion and Analysis of Items Sought by Wedco's Subpoena**

    **A.  Requests 6, 7, & 15: Mr. Mitchell's writings, diaries, calendars from January 1, 2004, to the present**

The specific requests at issue state as follows:

> 6.  Please produce each and every document, note, letter, computer file, e-mail, calendar or diary, which support, refute or discuss the allegations in the Complaint and Jury Trial Demand ("Complaint") from the date when you were hired by Wedco until the date your employment with Wedco terminated.
>
> 7.  Please produce each and every document, note, letter, computer file, e-mail, calendar or diary, which support, refute or discuss the allegations in the Complaint and Jury

1  Trial Demand ("Complaint") from the date when your employment with Wedco terminated to the date of this request.
2
3
   15.  Please produce any and all diaries or calendars kept by you from January 1, 2004 to the present.
4
5  (#59, pp. 3 & 4).

6  The complaint alleges that as a result of racial harassment and disparate treatment while
7  employed at Wedco, Mr. Mitchell suffered "emotional pain, suffering, humiliation,
8  inconvenience, loss of enjoyment of life, and damages, all to be proven at trial" (#1, ¶ 16).  The
9  complaint does not allege any independent claims for emotional distress.  During the parties'
10 meet and confer, EEOC agreed to produce documents that addressed the allegations in the
11 complaint, including diary entries or calendars, from the time Mr. Mitchell worked at Wedco to
12 the present.  Wedco, in turn, agreed to limit the time period of the documents in Category No. 15
13 from the date Mr. Mitchell began working at Wedco (December 2007), to one year after his
14 employment with Wedco terminated (July 2008).

15 EEOC then agreed to produce documents responsive to Category Nos. 6, 7, and 15, with
16 the exception of any diary or calendar entries that do not specifically refer to Mr. Mitchell's
17 allegations of harassment and discrimination on the grounds that they are not relevant and would
18 invade Mr. Mitchell's privacy and third parties' rights of privacy.  Wedco's position is that any
19 entries in diaries or calendars for the period in question are relevant to determine the extent to
20 which Mr. Mitchell did not find the conduct sufficiently harassing to write about it.  Such diary
21 or calendar entries may also be relevant to Mr. Mitchell's claim of emotional distress.  *See, e.g.,*
22 *Herrera v. Sante Fe Public Schools*, 2013 WL 4782160, at *20 (D.N.M. August 19, 2013).

23 The court must balance Mr. Mitchell's privacy rights with Wedco's interest in potentially
24 relevant information concerning his emotional and mental state of mind during the narrowed
25 period of time in question.  Before ordering the release of such information, however, the court
26 directs EEOC to submit for the court's *in camera* review any documents not already produced
27 that are responsive to the request.  If the court decides some or all of these documents warrant
28 disclosure to Wedco, the parties' protective order will assure they will not be disseminated.

- 3 -

**B.     Requests 9, 10, 11 and 13:  Mr. Mitchell's physical and mental health records**

EEOC's complaint does not state a separate claim for emotional distress; rather, it alleges that "Mr. Mitchell has suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages to be proven at trial" (#1, at ¶ 16). Wedco made the following requests of Mr. Mitchell:

> 9. Please produce each and every document, note, letter, computer file, e-mail, calendar or diary, regarding your physical and mental health for the period January 1, 2005 until the date when you commenced your employment with Wedco.
>
> 10. Please produce each and every document, note, letter, computer file, e-mail, calendar or diary, regarding your physical and mental health from the date when you commenced your employment with Wedco until the date your employment with Wedco terminated.
>
> 11. Please produce each and every document, note, letter, computer file, e-mail, calendar or diary, regarding your physical and mental health from the date when your employment with Wedco terminated through the date of this request.
>
> 13. Please produce any and all documents, specifically including medical records, which demonstrate any psychological, emotional or counseling care or treatment you have received since January 1, 1990.

(#59, p. 7).

EEOC issued formal objections to Wedco at the time the requests were made in June 2013, and cited three grounds: (1) the responses are privileged; (2) the information is private because the EEOC seeks only garden-variety damages; and (3) the discovery exceeds the scope of Rule 26 and will not lead to the discovery of admissible evidence (#59).  Thereafter, EEOC advised that it "does not plan to present expert testimony or rely on medical documents" in support of his emotional distress claims" (#37 at p. 23). In the parties' meet and confer, Wedco agreed to limited the time period of Category No. 13 to documents from 2005 to 2010 (#59, p.

18).  However, the parties could not resolve the central issue, which is whether Mr. Mitchell should be compelled to produce his physical and mental health records because EEOC alleges Mr. Mitchell suffered emotional distress as a result of his treatment while employed at Wedco.

Rule 26(b)(1) provides for the proper scope of discovery and generally permits liberal discovery "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  However, Rule 26 only provides for discovery of nonprivileged matters.  *Id*.  The United State Supreme Court formally recognized the psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1 (1996).  However, the Court also recognized that the patient may waive the privilege.  *Id*. at 15, n. 14.  "Neither the United State Supreme Court nor the Ninth Circuit has yet addressed whether and when a plaintiff waives the privilege by claiming emotional distress damages."  *EEOC v. Walmart*, 276 F.R.D. 637, 640 (E.D.Wash. 2011).

In *EEOC v. Walmart*, the court surveyed cases in the Ninth Circuit in which a plaintiff has alleged garden-variety emotional distress.  A narrow approach takes the position that in such cases, the plaintiff does not waive the physician-doctor privilege or the psychotherapist privilege.  *Id*. at 640, citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 (N.D.Cal.2003) (holding that garden variety emotional damages does not waive the psychotherapist-patient privilege); *Uzzell v. Teletech Holdings, Inc*., 2007 WL 4358315 at *2 (W.D. Wash. Dec. 7, 2007).  Courts taking the broader approach contend that such privileges are waived whenever the patient places his or her mental condition at issue.  276 F.R.D. 637, 640, citing *Sanchez v. U.S. Airways, Inc*., 202 F.R.D. 131 (E.D.Pa. 2001); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D.Cal. 1999).

A more recent case, *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009) also reviewed both approaches.  In that case, the court held the broader approach appropriate because the plaintiff's claims of emotional distress were at the heart of her claim and could possibly have been caused by something other than the alleged sexual harassment, since the plaintiff was also being treated for depression.  *Id*. at 400.  In analyzing these cases, the court in *EEOC v. Walmart* considered these approaches in the context of the particular plaintiff.  The plaintiff in *Walmart* did not intend to introduce medical records or expert testimony to support

1  the emotional distress claims.  *See Passantino v. Johnson & Johnson Consumer Prod.*, 212 F.3d
2  493, 513 (9th Cir. 2000) (emotional distress damages need not be supported by medical records
3  or expert testimony).  In addition, the plaintiff did not present any multiple causation issues or
4  specific emotional damages outside of any incidental emotional distress.  258 F.R.D. 391, 641.

5  Based on the particular facts of this case, the court finds that Mr. Mitchell has not waived
6  the physician-patient privilege or the psychotherapist-patient privilege.  Mr. Mitchell does not
7  intend to rely on medical or psychological records or expert testimony to support his emotional
8  distress claim; rather, he intends to do so through other evidence.  Wedco's counsel has already
9  deposed Mr. Mitchell and presumably, counsel explored Mr. Mitchell's emotional distress claim.
10 Since that deposition, Wedco has offered no additional bases to seek these records.
11 Consequently, the court declines to compel Mr. Mitchell to produce any medical or mental health
12 records.

**C.     Request Nos. 23 and 24:  Prior complaints Mr. Mitchell may have made to EEOC or any FEPA**

Wedco made thse requests of Mr. Mitchell:

> 23.  Please produce each and every document that reflects any contact or communication you had [with the] Equal Employment Opportunity Commission or Nevada Equal Rights Commission regarding Wedco, prior to the time Equal Employment Opportunity Commission purported to begin representing your interests in this matter, including all documents and forms that you provided to the Equal Employment Opportunity Commission or Nevada Equal Rights Commission to you [sic] or that were provided by the Equal Employment Opportunity Commission or Nevada Equal Rights Commission to you.
>
> 24.  Please produe all Charges of Discrimination you have filed with the Nevada Equal Rights Commission, the Equal Employment Opportunity Commission or other agency regarding any of your prior employers.

(#59, p. 13).

EEOC formally objected to these requests on the grounds that (1) the information sought may be protected by the attorney-client privilege, (2) the information sought cannot be disclosed

based on the conciliation privilege, and they generally exceed the scope of permissible discovery and will not lead to the discovery of admissible evidence (#59, p. 13).  The EEOC did not object to producing non-privileged documents in Mr. Mitchell's possession concerning his charges of discrimination against Wedco, as well as document exchanged between NERC and Mr. Mitchell, or EEOC and Mr. Mitchell, as long as not otherwise accounted for on EEOC's privilege log.  *Id*. at p. 14.  The parties also agreed to limit this requests to any document not involving conciliation.  *Id*.

Although Wedco subsequently agreed to limit Request No. 24 to charges involving only racial discrimination, EEOC contends that whether Mr. Mitchell filed a discrimination charge in any other states in the country has no bearing on this case, is irrelevant, and is only brought to harass and prejudice Mr. Mitchell.  However, to the extent such discovery is allowed, EEOC requests that it be limited in time and geographical location. *Id*.

Wedco's position is that Mr. Mitchell is obligated to provide any charges of discrimination he has filed against former employers because prior claims could go to Mr. Mitchell's motive state of mind, and credibility, as well as his litigiousness.  *Graham v. Casey's General Stores*, 206 F.R.D. 251, 257 (S.D. Ind. 2002); *Walker v. Northwest Airlines Corp*., 2002 WL 32539635, at *2 (D. Minn., Oct. 28, 2002).  The court agrees; however, the court will limit the request to the five years prior to the termination of Mr. Mitchell's employment at Wedco.  The court believes that the five-year period provides a sufficient limitation and will not restrict the response to a particular geographical location.

III. **Conclusion**

Based upon the foregoing, EEOC's motion to quash subpoena (#37) is DENIED in part and GRANTED in part as follows:

1. Request Nos. 6, 7, and 15:  EEOC shall submit for in camera review any documents not already produced that are responsive to these requests no later than Tuesday, April 28, 2014, and the court will decide the extent to which any documents will be produced;

2. Request Nos. 9, 10, 11 and 13:  Mr. Mitchell shall not be required to produce documents responsive to these requests; and

3. Request Nos. 23 and 24: Mr. Mitchell shall produce documents responsive to these requests for the period five years prior to his termination at Wedco, and such documents shall be produced no later than Tuesday, April 28, 2014, 5:00 p.m. Pacific Time.

IT IS SO ORDERED.

Dated: April 22, 2014.

_____
UNITED STATES MAGISTRATE JUDGE